IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| BRETT A. COLLINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 14-CV-526-JHP |
|  | ) |  |
| JOHN M. McHUGH, Secretary, | ) |  |
| Department of the Army, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Before the Court are Defendant's Motion to Dismiss [Doc. No. 18], Plaintiff's Response [Doc. No. 20], and Defendant's Reply [Doc. No. 21]. After consideration of the briefs, and for the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

**BACKGROUND**

Plaintiff Brett A. Collins ("Plaintiff") brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. [Doc. No. 3]. Plaintiff states that his administrative remedies were fully exhausted on January 16, 2014, when he received notice that his appeal of the EEOC's final decision was denied. [*Id.*]. Plaintiff timely filed his first action in this Court on April 14, 2014, as case number 6:14-cv-00138-JHP. That action was dismissed without prejudice on October 27, 2014, for failure to serve the complaint within 120 days as required by Fed. R. Civ. P. 4(m). Plaintiff then filed the instant action on December 5, 2014.

On March 17, 2015, Defendant John M. McHugh, Secretary of the Department of the Army ("Defendant"), moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), arguing that the complaint is time-barred and fails to state a claim

upon which relief can be granted. [Doc. No. 18]. Defendant submitted a Notice of Recent Authority and Supplement on April 24, 2015. [Doc. No. 19]. Plaintiff submitted a Response on May 1, 2015, and Defendant submitted a Reply on May 14, 2015.

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint as untimely filed. A federal employee subjected to unlawful employment discrimination may file a claim under Title VII of the Civil Rights Act, but he must bring his suit not more than "ninety days after receiving a final decision from either his employing agency or from the EEOC." *Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997); 42 U.S.C. § 2000e-16(c). It is well settled that the 90-day time limit "'is subject to waiver, estoppel, and equitable tolling'" and thus "is not jurisdictional but is in the nature of a statute of limitations." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (quoting *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)). Accordingly, the Court will analyze Defendant's timeliness argument under Fed. R. Civ. P. 12(b)(6) rather than Rule 12(b)(1). *See Douglas v. Norton*, 167 F. App'x 698, 705 (10th Cir. 2006).

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citing *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly,* 550 U.S. at 556.

In this case, it is undisputed that Plaintiff received his final decision on January 16, 2014. Therefore, the 90-day filing period began running on this date, giving him until April 16, 2014, to file his complaint in federal district court. Plainly, Plaintiff's complaint filed on December 5, 2014, was filed far out of time.

Plaintiff argues that his claim is nonetheless preserved via the supplemental jurisdiction statute, 28 U.S.C. § 1367, and the Oklahoma savings statute, Okla. Stat. tit. 12, § 100. However, Section 1367 is inapplicable to this Title VII case. There are no state-law claims or counterclaims involved that would invoke Section 1367. Plaintiff's complaint asserts only one claim under Title VII of the Civil Rights Act. Nor does the Oklahoma savings statute apply to Plaintiff's Title VII claim. "When Congress has provided a federal statute of limitation for a federal claim, . . . state tolling and saving provisions are not applicable." *Brown v. Hartshorne Public School Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (abrogated on other grounds as stated in *Keeler v. Cereal Food Processors*, 250 F. App'x 857, 860-61 (10th Cir. 2007)).

Plaintiff additionally relies on the fact that his first case was dismissed "without prejudice" in support of his timeliness argument. However, the Tenth Circuit has held that "the filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII." *Brown*, 926 F.2d at 961; *see Scott v. Boeing Co.*, 48 F. App'x 730, 731-32 (10th Cir. 2002) (refusing to toll 90-day limit when previous Title VII suits had been dismissed "without prejudice" for failure to serve defendant). Application of this rule renders the instant complaint untimely.

Further, even if the Court were to toll the 90-day limitations period during the pendency of Plaintiff's first action, Plaintiff would still be out of time: 88 days elapsed between the final disposition of his EEOC complaint (on January 16, 2014) and the filing of the first action (on

April 14, 2014); and 39 days elapsed between the dismissal of the first action (on October 27, 2014) and the filing of this action (on December 5, 2015). Collectively, Plaintiff delayed 127 days, which is well outside the 90-day filing period. *See Scott*, 48 F. App'x at 732.

Plaintiff has provided no explanation for delay that would warrant equitable tolling here. The Tenth Circuit has indicated that Title VII time limits should be tolled where the plaintiff was "lulled into inaction," "actively misled," or "has in some extraordinary way been prevented from asserting his or her rights." *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (citations and quotations omitted). Here, Plaintiff's first case was dismissed after he failed to serve Defendant within the requisite 120 days. Plaintiff's only explanation for this failure was that there were "various factors" involved. [Doc. No. 20, at 2]. This explanation is far from sufficient to invoke equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (principles of equitable tolling applicable to Title VII claims do not extend to "garden variety claims of excusable neglect").

Plaintiff's complaint in this case is time-barred. Accordingly, Plaintiff's case must be dismissed for failure to state a claim. Because the Court dismisses this case as untimely filed, the Court need not reach Defendant's Rule 12(b)(6) arguments addressing the merits of Plaintiff's complaint.

## CONCLUSION

For the reasons detailed above, Defendant's Motion to Dismiss [Doc. No. 18] is **GRANTED.**

**IT IS SO ORDERED this 7th day of July, 2015.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma